[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant, Timothy J. Baldoni, has filed a Motion to Enforce Settlement Agreement, said Motion is dated October 5, 1999. Exhibits are attached to said Motion.
The plaintiffs have filed an objection to defendant's Motion to Enforce dated December 13, 1999. Exhibits are also attached to said objection.
A hearing was held on the defendant's Motion and the plaintiffs' objection thereto on December 16, 1999. Counsel gave oral argument on their motions, however no testimony was presented.
The court has reviewed the exhibits, particularly the "Release of Claim" which is dated September 14, 1999, it is for the amount of $4,042.30 and signed by the plaintiffs whose acknowledgment was taken by their attorney.
The exhibits show that the plaintiffs settled with the co-defendant Joseph Pitts for the amount of $75,000.
The plaintiffs claim in their objection the following:
7. Unknown to plaintiffs, Defendant Pitts had renewed the offer to settle, by letter dated September 9, 1999, but sent to the wrong address. (Copy of letter attached as Exhibit D).
8. This was five (5) days before the forced settlement with Defendant Baldoni.
9. When counsel finally received the letter, plaintiffs withdrew their offer to settle with Defendant Baldoni, because it had been entered into under duress, and that pressure had been removed, allowing them to do what they had intended.
A review of the "Release of Claim" shows that on its face it CT Page 16573 is clear and unambiguous. The plaintiffs' claim of "duress" and "pressure" are allegations that have not been substantiated. Said allegations raise issues pertaining to the settlement with the co-defendant which are matters collateral to the release with Mr. Baldoni.
"A trial court has the inherent power to enforce summarily a settlement agreement as a matter of law when the terms of the agreement are clear and unambiguous." Audubon Parking AssociatesLtd. Partnership v. Barclay Stubbs, Inc., 225 Conn. 804. The court also held:
 Summary enforcement is not only essential to the efficient use of judicial resources, but also preserves the integrity of settlement as a meaningful way to resolve legal disputes. When parties agree to settle a case, they are effectively contracting for the right to avoid a trial. "The asserted right not to go to trial can appropriately be based on a contract between the parties." Janneh v. Gaf Corporation, supra 436. . . . We hold that a trial court may summarily enforce a settlement agreement within the framework of the original lawsuit as a matter of law when the parties do not dispute the terms of the agreement. The defendants did not have a right to a jury trial in this case and the trial court properly rendered judgment in accordance with the settlement contract.
The court finds that the rationale of the Audubon case, supra to be applicable to the case now before the court.
In the instant case the parties do not dispute the terms of the settlement agreement. Said agreement does not contain any contingencies or conditions. The court finds the settlement agreement to be clear and unambiguous and represents the mutual agreement of the parties.
Accordingly, the court grants the defendant's Motion to Enforce the Settlement Agreement.
Stengel, J.